U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2020 FEB -5 P 4:30
OFFICE OF THE CLERK

In The United States District Court
For The Eastern District Of Wisconsin

State Of Wisconsin ex rel.
Tyrone Davis Smith (now to be also
known as) al-Malik Maalikulmulk
Abdulla al-Waqueel Nasir,
    Petitioner,

-vs-    Case No. 20-C-0179

The Entire World and
The Republic Of The United States Of
America, Inc. and The United Nations, Inc.
    Respondent.

## Memorandum Of Law

### Jurisdiction

This court has subject matter jurisdiction in this matter under the All Writs Act: 28 U.S.C. § 1651(a) and 28 U.S.C. §§ 1331, 1343. See also, eg. Article I, §9, cl.2 of U.S. Const.

1.

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2020 FEB -5 P 1:30
CLERK OF COURT

LEGAL STANDARD/AUTHORITY

Quia Timet

"Quia Timet is the right to be protected against anticipated future injury that cannot be prevented by present action." United States v. Real Property Located at 1112 Monroe St Sauk County Wis., 2005 WL 1629804 (W.D. Wis. July 11, 2005) citing Am. Jur. Equity § 93.

"To be entitled to equitable relief, the complaint must show a controversy that has caused or will cause harm or substantial injury....." Fireman's Ins. Co of Newark, New Jersey v. Keating, 735 F.Supp. 1146 (S.D.N.Y. 1990).

(Religious) Name Change

Wisconsin common law recognizes name changes made "through consistent and continuous use, as long as the change is not effectuated for fraudulent purposes." State v. Hansford,

2.

219 Wis.2d 226, 246-47, 580 N.W.2d 171 (1998) cited by State v. Smith, 329 Wis.2d 271, 789 N.W.2d 754 (Ct. App. 2010).

It is "a First Amendment interest in using religious name ... in conjunction with ... committed name." Malik v. Brown, 16 F.3d 330, 335 (9th Cir. 1994); see also Ghashiejah v. Wisconsin Dept. of Corrections, 2006 WL 2845701 (E.D. Wis. 2006).

## ARGUMENT

### THE PETITIONER HAS A FIRST AMENDMENT CONSTITUTIONAL INTEREST AND RIGHT TO CONTINUOUSLY AND CONSISTENTLY TO USE HIS ADOPTED RELIGIOUS NAME IN CONJUNCTION WITH HIS BIRTH NAME.

The petitioner was born to his mother Mary Ann Smith (-Brand) on September 27, 1972 and was given the name Tyrone Davis Smith. (The birth certificate misspells or mistakeningly

3.

wrote petitioner's middle as David instead of Davis) (Smith's Decl. ¶1.) The petitioner argues that he has an inalienable right and a First Amendment U.S. Constitutional interest to change his name or to use his religious adopted names in conjunction with his birth name that his mother gave him. Malik, 16 F.3d 335; see also Ghashiejah, 2006 WL 2845701. As a Muslim, he believe his name: al-Malik Maalikulmulk Abdulla al-Waqueel Nasir completes him "spiritually" because it defines his character and personality; he believes he is of royal bloodline from Africa and his name indicates that. (Smith's Decl. ¶¶ 11-15.)

    As we know and understand the history of America, "blacks"/African-Americans were abducted and sold from Africa where their ancestors were monarchs: Kings and Queens and Noblemen, they belong different clans of the Aboriginal Tribal People; Africa was dubbed the Motherland of All Mankind. (Smith's Decl. ¶¶ 7, 9 and 10.) These

4.

people were made to be slaves and deemed as subhumans; their original identities were snatched or stripped from them. This all took place at the colonization during the American Revolution after the first permanent settlement of the English in Jamestown, Village where the first (black) African (slaves) arrived. (Smith's Decl. ¶¶ 5-7, 11.)

    The petitioner wants to use his religious name in conjunction with his birth name continuously and consistently so everyone in the entire world, the United States of America, and the United Nations (the international communities) will recognize him by not only his birth name but also by his Islamic religious name; this will also eliminate anyone from assuming the reason petitioner want to use or be known by a name other than his birth name is for some fraudulent purposes. State v. Hansford, 219 Wis. 2d 246-47 cited by Smith, 329

5

Wis. 2d 271. (Albeit these facts were not mentioned in the declaration to the petition, the) petitioner is currently housed at New Libson Correctional Institution under the custody and care of the Wisconsin Department of Corrections; he is scheduled to be released onto extended supervision for a 5-year term September 1, 2021. (These facts are true and accurate to best of my personal knowledge under 28 U.S.C. §1746.) He believe that if this Court do not enter an order granting the writ of quia timet, the DOC and/or DCC (Division of Community Corrections) will try stopping him from using or being recognized by his religious name. Additionally he want to use the Court's order to send to all private and public institutions, businesses, schools, etc. that holds his vital records so they too can recognize him by his religious name and add it in conjunction with his birth name.

6.

The petitioner has paralegal skills (although due to an open heart surgery in 2017 to repair an aortic valve with a mechanical valve and due to other related medical issues he most likely will be eligible for disability benefits), he plans to use his paralegal knowledge running a nonprofit foundation he intend to start in his deceased mother name. He also plans to become a book writer to earn royalties. Thus, there's no reasonable basis to deny writ.

Dated this 31st day of January 2020.

Respectfully submitted

Tyrone Davis Smith
aka
al-Malik Maqlikulmulk Abdulla al-Waqueel Nasir

7.